UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO DELEON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MCFARLAND, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01089  LJO JLT<br><br>ORDER DENYING STIPULATION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 25) |

Before the Court is the stipulation of counsel to amend the scheduling order related to non-expert and expert discovery. (Doc. 25) Counsel explain that the current deadlines fail to provide the parties sufficient time to complete discovery in light of "scheduling issues." Id. at 2.  Because counsel has failed to demonstrate they diligently pursued completion of discovery and it appears they are unable to do so, the stipulation is **DENIED**.

I.    **Background**

On November 6, 2013, the Court issued its scheduling order (Doc. 18) based upon the timeframes suggested by the parties in their joint statement (Doc. 15)  The Court adopted the dates proposed by counsel which allowed the parties more than a year to conduct discovery.  (Doc. 15 at 3; Doc. 18 at 3)

However, rather than make real discovery efforts, the parties delayed doing so to engage in settlement discussions.  (Doc. 23) In preparation for the mid-discovery status conference, on July 10,

1

2014, the parties filed a joint statement, in which they reported,

> Following initial disclosures, the parties delayed more discovery to have informal information exchange and substantive discussions concerning the claims and whether informal resolution was possible. **The parties have now begun** additional discovery and each side has pending discovery requests to the other. Plaintiff's deposition is currently set for September 4, 2014.

Id. at 2, emphasis added. In response, the Court reminded counsel "of their obligation to complete all discovery within the time frames set forth in the Scheduling Order." (Doc. 24.)

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling

conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Here, the scheduling order cautioned the parties,

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 18 at 8, emphasis in the original)  Despite this, the stipulation fails to demonstrate good cause and fails to provide any information related to the efforts counsel have made to diligently complete discovery in the time frame allowed.  A suggestion that the year-long discovery period was insufficient is hard to accept and, of course, it is clear that counsel failed to make any discovery efforts for much of the discovery period. (Doc. 23)  Therefore, because counsel have failed to demonstrate that the exercised diligence in completing discovery, the stipulation to amend the scheduling order is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 12, 2014**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE